**IN THE**
**UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **MANSON CONSTRUCTION CO.,**<br>**Plaintiff,**<br>**v.**<br>**UNITED STATES OF AMERICA,**<br>**Defendant,**<br>**v.**<br>**GREAT LAKES DREDGE & DOCK CO. LLC**<br>**Proposed Intervenor-Defendant.** | **Electronically Filed On**<br>**September 27, 2007**<br><br>**NO.: 07-694C**<br>**(Judge Christine Miller)** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE UNOPPOSED MOTION OF GREAT LAKES DREDGE & DOCK COMPANY LLC TO INTERVENE AS OF RIGHT OR, IN THE ALTERNATIVE, FOR PERMISSIVE INTERVENTION**

Great Lakes Dredge & Dock Company LLC ("GLDD") respectfully requests that the Court allow it to intervene as a defendant in this action pursuant to Rule 24 of the Rules of the Court of Federal Claims ("RCFC"). Plaintiff Manson Construction Company ("Manson") seeks injunctive relief to preclude the U.S. Army of Corps of Engineers ("Corps" or the "Government") from proceeding with a contract awarded to GLDD to perform dredging work in the Columbia River in Washington and Oregon pursuant to Request for Proposal No. W9127N-07-R-0022 ("RFP" or "solicitation"). Counsel for the Government and Manson have advised counsel for GLDD that they do not oppose GLDD's intervention.

## I. GLDD IS ENTITLED TO INTERVENE AS OF RIGHT

Under RCFC 24(a),[1] intervention as of right is allowed upon timely application when: (1) the applicant has an interest in the transaction which is the subject of the litigation; (2) the interests of the applicant are not adequately represented by the existing parties; and (3) disposition of the lawsuit may practically impair or impede the applicant's ability to protect its interest. See RCFC 24(a); Fifth Third Bank of Western Ohio v. United States, 52 Fed. Cl. 202, 203 (2002).

As the awardee of the contract awarded under the RFP, GLDD satisfies each of the Rule 24(a) factors and its intervention should be permitted as of right. This Court routinely permits the awardee to intervene in a suit filed by a disappointed bidder who is challenging a procurement. See e.g., Ryder Move Mgmt., Inc. v. United States, 48 Fed. Cl. 380, 382 (2001); The Ryan Co. v. United States, 43 Fed. Cl. 646, 650 (Fed. Cl. 1999); ECDC Environmental LC v. United States, 40 Fed. Cl. 236, 237 (1998).

---

[1] RCFC 24(a)(2) allows intervention of right:

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

## II. PERMISSIVE INTERVENTION

If the Court declines to grant GLDD's application to intervene as of right under RCFC 24(a), GLDD seeks permissive intervention. Under RCFC 24(b),[2] the Court must first decide (1) whether the applicant's motion was timely; (2) whether the applicant's claim and the pending action have a question of fact or law in common; and (3) whether the applicant's intervention will unduly delay or prejudice the adjudication of the action. The Court must then exercise its discretion in determining whether to permit intervention.

In the present case, GLDD's motion is unquestionably timely. GLDD's interests and Manson's lawsuit also plainly have questions of law and fact in common. GLDD's interest as the awardee of the contract is directly at issue in this litigation. Finally, GLDD's intervention would not delay this action or prejudice the other parties because the parties are not opposed to GLDD's intervention and this motion is filed promptly after the filing of the Complaint.

---

[2] RCFC 24(b)(2) provides in relevant part:

> Upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

## III. CONCLUSION

For the reasons discussed above, GLDD is entitled to intervene as of right in the present case. In the alternative, the Court should exercise its discretion to grant GLDD permissive intervention in this action.

Respectfully submitted,

s/Daniel C. Sauls
Daniel C. Sauls
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 429-8054
Facsimile: (202) 429-3902
dsauls@steptoe.com

**Attorney of Record for Great Lakes Dredge & Dock Company LLC**

**OF COUNSEL**

Thomas P. Barletta
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

Dated: September 27, 2007

## CERTIFICATE OF SERVICE

I hereby certify that, on September 27 2007, copies of the Unopposed Motion of Great Lakes Dredge & Dock Company LLC to Intervene as of Right, or, in the Alternative, for Permissive Intervention, the Memorandum of Points and Authorities in Support thereof, and a proposed order, were served by facsimile and U.S. Mail on the following:

Michael H. Payne, Esq.
Payne, Hackenbracht & Sullivan
2200 Commerce Drive, Suite 100
Fort Washington, PA 19034-0880
Telephone: 215-542-2777
Facsimile: 215-542-2779

Ellen Lynch, Esq.
U.S. Department of Justice
Commercial Litigation Branch
Civil Division, 8th Floor
Attn: Classification Unit
1100 L Street N.W., Room 10112
Washington, D.C. 20530
Telephone: 202-353-7994
Facsimile: 202-514-8624

s/Daniel C. Sauls
Daniel C. Sauls